# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

### CIVIL CASE NO. 3:08cv285

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| REAL PROPERTY ASSOCIATED WITH ) | |
| FIRST BENEFICIAL MORTGAGE CORP., ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on (1) the Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. 2]; (2) the Plaintiff's Response to Motion and, in the alternative, Motion to Strike [Doc. 3]; (3) the Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. 5]; (4) the Government's Response to Claimant's Second Motion to Dismiss or for Summary Judgment and Government's Motion to Strike Claim [Doc. 7], and (5) the Motion to Object, and/or in the Alternative to Strike Government's Motion for Leave to File Notice of New Case Authority filed by James E. McLean, Jr. [Doc. 21].

## BACKGROUND

This is a civil action *in rem* for forfeiture pursuant to 18 U.S.C. §§981(a)(1)(A) and 985, subsequent to a criminal prosecution. This case presents the Court with a very complex set of circumstances, but few of those complexities are pertinent to the resolution of the pending motions. The factual and procedural background necessary to the understanding of the issues at hand are as follows.

James E. McLean, Jr. (McLean) was indicted for and convicted of perpetrating various mortgage frauds and money laundering through his corporation, First Beneficial Mortgage Corp. [3:02cr156 (hereinafter Criminal Case) Doc. 1 (Indictment), Doc. 45 (Superseding Indictment), Doc. 221(Judgment), Doc. 324 (Amended Judgment)]. The indictment contained a forfeiture count identifying extensive properties, both real and personal, which were to be subject to forfeiture. The property identified in the indictment included some, but not all, of the properties that are the subject of this action. Even though the preliminary order of forfeiture [Criminal Case Doc. 149] included some of the parcels at issue herein, the final order of forfeiture included none. [Criminal Case Doc. 264].

This action was subsequently brought *in rem* against six parcels of real property. McLean, acting *pro se*, then moved on behalf of the

defendant properties to dismiss this action [Doc. 2], but he acted before any claim to the properties was filed. When the Government moved to strike McLean's Motion [Doc. 3], McLean filed a claim to the properties in his own name, [Doc. 6], and then renewed his Motion to Dismiss. [Doc. 5].

In its Complaint the Government identifies First Beneficial Mortgage Corp. as a "person who may have an interest in the subject properties," [Doc. 1 at 3], and McLean asserts in his Claim [Doc. 6 at 4] and in his renewed Motion [Doc. 5 at 13] that the subject "properties were acquired in the name of First Beneficial and/or are still titled in the name of First Beneficial." McLean asserts his claim to the properties in his own name in that he "is the president and owner of First Beneficial Mortgage Corp. . . . [which] is a privately held corporation within the State of North Carolina. . . . Claimant owns 100 percent of [First Beneficial], and therefore, have [sic] an interest in all properties, or other assets titled to, or associated with Defendant [sic]." [Doc. 6 at 2].

The Government responded to McLean's renewed Motion and moved to strike McLean's Claim. [Doc. 7].

3

## DISCUSSION

**McLean's First Motion to Dismiss**

McLean's first Motion to Dismiss [Doc. 2] was filed before he (or any other party) had filed a claim to the subject property. Rule G(5)(a)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (Supplemental Rules) states that an action for forfeiture may be contested by a person who asserts a claim in the subject property by the filing of a claim. McLean's first Motion was, therefore, premature, and will therefore be denied.

**McLean's Second Motion to Dismiss**

McLean's second Motion to Dismiss, on the other hand, was filed contemporaneously with his Claim wherein he asserted his interest in the subject properties, thus complying with Rule G(5)(a)(i).

Rule G(8)(c)(ii)(B) of the Supplemental Rules dictates that where the Government has moved to strike a Claim or an Answer based on a claimant's lack of standing, that Motion to Strike must be determined before the Court may address any Motion to Dismiss presented by that claimant. Hence, the question of McLean's standing is a threshold issue.

With respect to determining standing, however, it must first be

ascertained whether McLean filed the claim asserting his own ownership interest in the subject property or First Beneficial's. To the extent that McLean attempts to act *pro se* on behalf of First Beneficial, "[i]t has been the law for the better part of two centuries ... that a corporation may appear in federal courts only through licensed counsel." Rowland v. California Men's Colony, 506 U.S. 194, 202, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993). "While [28 U.S.C. §1654] allows [McLean] to prosecute his own actions *in propria persona*, that right is personal to him, and absent some other statutory authorization, [McLean] has no authority to [defend] an action in federal court on behalf of others than himself." Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1126 (9th Cir. 2007), cert. denied 128 S.Ct. 1728, 170 L.Ed.2d 515 (2008); Myers v. Loudoun County Pub. Sch., 418 F.3d 395 (4th Cir. 2005); Navin v. Park Ridge Sch. Dist., 270 F.3d 1147, 1149 (7th Cir. 2001) (stating *pro se* litigants lack authority to represent the interests of other parties). Thus, to the extent that McLean's Claim or his Motion to Dismiss can be construed to have been filed on behalf of First Beneficial or on behalf of the Defendant real property, they must be dismissed. The Court must, therefore, recognize McLean's Claim and Motion as having been filed solely on his own behalf.

That having been established, the Government argues that McLean

has no individual standing to file the Claim or the Motion.

> By filing his verified claim, claimant has now facially complied with the statutory standing requirements, so the government withdraws any previous argument regarding statutory standing. [The] government continues to assert that claimant lacks constitutional standing to contest this forfeiture.

[Doc.7 at 1-2]. In other words, the Government concedes that McLean has fulfilled the statutory requirement that he have filed a claim to the property, but the Government argues that McLean does not have a sufficient individual interest in the subject property to have standing to have filed the claim or to contest the forfeiture.

> In order to contest a forfeiture, a claimant first must demonstrate a sufficient interest in the property to give him Article III standing; otherwise, there is no 'case or controversy,' in the constitutional sense, capable of adjudication in the federal courts.

United States v. $38,000.00 in United States Currency, 816 F.2d 1538, 1543 (11th Cir. 1987); see also United States v. Real Property Described in Deeds, 962 F. Supp. 734, 736 (W.D.N.C. 1997); United States v. Real Property Located at 5201 Woodlake Drive, 895 F. Supp. 791, 793 (M.D.N.C. 1995).

McLean relies on the fact that he is the president and sole shareholder of First Beneficial, and that First Beneficial is the owner of the property. [Doc. 6 at 2]. As such, McLean only has standing if his status as

an officer or shareholder import a sufficient personal interest in the properties to provide such standing.

It has been held that the sort of property interest giving rise to standing should be "broadly interpreted to include [that held by] any person with a recognizable legal or equitable interest in the property seized." United States v. $3,000 in Cash, 906 F. Supp. 1061, 1065 (E.D. Va. 1995); see also Real Property Described in Deeds, 962 F. Supp. at 737. That ownership interest, however, must be in the *specific* property being forfeited. United States v. Ribadeneira, 105 F.3d 833, 836 (2d Cir. 1997); United States v. Agnello, 344 F. Supp. 2d 360, 362 (E.D.N.Y. 2003). A shareholder in a corporation has no legal title to the assets of the corporation, but has a form of an equitable interest therein. United States v. New Silver Palace Restaurant, Inc., 810 F. Supp. 440, 443 (E.D.N.Y. 1992). That interest, however, is not in any *specific* asset or assets of the corporation, but rather in the general holdings of the corporation. This is illustrated by the fact that a judgment against the shareholder can be satisfied by levy upon his shares in the corporation, see N.C.Gen.Stat. §1-315(a)(5), but not upon the assets owned by the corporation. See N.C.Gen.Stat. §1-315(a)(1). Because of this lack of ownership interest in the specific property, it has been held in each of the cases deciding the

issue that a shareholder in a corporation does not have Article III standing to contest the forfeiture of corporate property. See United States v. Two Bank Accounts, 2008 Lexis 105402 at *11-13 (D.S.D. Dec.31, 2008) (sole shareholder has no standing); United States v. 479 Tamarind Drive, 2005 Lexis 23819 at *10-11(S.D.N.Y. Oct.14, 2005); New Silver Palace, 810 F. Supp. at 443; see also, United States v. 2511 East Fairmont Avenue, 722 F. Supp. 1273, 1279 (D. Md. 1989).

This principle is consistent with basic corporate law. A shareholder has no standing to institute any civil action on behalf of the corporate entity, except in the form of a derivative action when the management of the corporation has harmed the interests of the corporation by failing to act in a proper manner. See N.C.Gen.Stat. §55-7-40 et seq. This has been identified as an exception to provide a shareholder Article III standing as well. See Gaff v. Federal Deposit Ins. Corp., 814 F.2d 311, 315 (6th Cir. 1987). McLean, however, presents the Court with circumstances in which such exception clearly does not apply. McLean is the sole shareholder of the corporation. He is not asserting a claim on behalf of the corporation because the management of the corporation has wrongfully failed to act. Rather, McLean argues what is in substance an inverted piercing the corporate veil theory. He asserts that his ownership and control of the

8

corporation is so complete that he should be allowed to disregard the corporate entity for his own benefit. McLean presents the Court with no authority for the proposition that he may avail himself of the benefit of the protections of the corporate existence, but then disregard it without penalty when it suits him. Such a theory turns basic corporate law on its head. As sole shareholder he had the full authority and ability to dissolve the corporate entity at his will, see N.C.Gen.Stat. §55-14-02, and distribute the assets to himself after the payment of debts, see N.C.Gen.Stat. §§55-14-05, 55-6-03(c). He chose not to do so presumably because he desired to maintain the protections afforded him by the corporation's existence. The law cannot allow a sole corporate shareholder to disregard the corporate entity when it suits him and allow him the benefit of the corporate entity when he desires.

Moreover, McLean's theory is diametrically opposed to the exception to the general rule disallowing Article III standing to corporate shareholders. That exception allows for standing to minority shareholders who have an interest separate from the majority/controlling shareholders, in essence derivative standing to act on behalf of the corporation. Gaff, 814 F.2d at 315. Since McLean is the sole shareholder, his will and desires for the corporation can be exercised by him *through the corporate*

*entity*.  There is no basis for allowing him to act derivatively.

McLean fares no better based upon his status as president of the corporation.  There is no requirement that the president of a corporation have any ownership interest in the corporation. See N.C.Gen.Stat. §55-8-40.  Likewise, his status as president does not provide him with any ownership or interest in the property of the corporation. See N.C.Gen.Stat. §55-8-44(a).

In summary, McLean has presented nothing to this Court showing that he has any colorable personal ownership interest in the specific property that is the subject of this proceeding.  As such, McLean lacks Article III standing to challenge the forfeiture.  For that reason, McLean's Motion to Dismiss [Doc. 5] will be denied and the Government's Motion to Strike McLean's Claim [Doc. 7] will be granted.

Since the Court has determined that McLean has no standing to object to the forfeiture of the properties in question, the Court need not address the effect of McLean's having consented to the forfeiture of all but one of these properties in the Preliminary Order of Forfeiture [Criminal Case Doc. 149].

**McLean's Motion to Strike New Authorities**

As for McLean's Alternative Motion to Strike [Doc. 21] the Government's Motion to File New Case Authorities [Doc. 19], the Magistrate Judge has previously allowed the Government to file its new authorities. [Doc. 20]. McLean has provided the Court with no reason why that decision should be disturbed. Hence, McLean's Motion will be denied.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Motion to Dismiss, or in the Alternative, Motion for Summary Judgment of James E. McLean, Jr., erroneously titled Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. 2] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiff's Motion to Strike contained within its Response to Motion [Doc. 3] is hereby **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Motion to Dismiss, or in the Alternative, Motion for Summary Judgment of James E. McLean, Jr., erroneously titled Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [Doc. 5] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Government's Motion to Strike contained within its Response to Claimant's Second Motion to Dismiss or for Summary Judgment [Doc. 7] is hereby **GRANTED**, and the Claim of James E. McLean. Jr. [Doc. 6] is hereby **STRICKEN**.

**IT IS FURTHER ORDERED** that Motion to Object and/or in the Alternative to Strike Government's Motion for Leave to File Notice of New Case Authority of James E. McLean, Jr. [Doc. 21] id **DENIED**.

Signed: April 16, 2009

Martin Reidinger
United States District Judge